IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KIM TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| HV DEVELOPMENT PARTNERS LP, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW, KIM TURNER, by and through the undersigned counsel, and files this, her Complaint against Defendant, HV DEVELOPMENT PARTNERS LP, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's HV DEVELOPMENT PARTNERS LP, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff KIM TURNER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton

1

County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")

7. Defendant, HV DEVELOPMENT PARTNERS LP (hereinafter "HV DEVELOPMENT PARTNERS LP"), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

8. Defendant, HV DEVELOPMENT PARTNERS LP, may be properly served with process via its registered agent for service, to wit: Daniel Fuller, Registered Agent, 4809 Cole Avenue, Suite 330, Dallas, TX 75205.

## FACTUAL ALLEGATIONS

9. On or about November, 2018, Plaintiff was a customer at "Hot Donuts/Subway," a business located at 6859 Arapaho Road, Dallas, TX 75248, referenced herein as the "Hot Donuts/Subway."

10. HV DEVELOPMENT PARTNERS LP is the owner or co-owner of the real property and improvements that Hot Donuts is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives approximately 18 miles from the Property.

12. Plaintiff's access to the business(es) located at 6859 Arapaho Road, Dallas, TX 75248, Dallas County Property Appraiser's parcel number 008195001602B0000 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, HV DEVELOPMENT PARTNERS LP, are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends on revisiting the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

15. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or

less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.  The Property is a public accommodation and service establishment.

22.  Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

23.  Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

24.  The Property must be, but is not, in compliance with the ADA and ADAAG.

25.  Plaintiff has attempted to, and has to the extent possible, accessed the Property in her capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26.  Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the

Property that preclude and/or limit her access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Defendant, HV DEVELOPMENT PARTNERS LP, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

28. Defendant, HV DEVELOPMENT PARTNERS LP, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, HV DEVELOPMENT PARTNERS LP, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

29. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

    **(a)**     **ACCESSIBLE ELEMENTS:**

    (i)     The access aisle to the accessible parking space near Unit 604 is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and

        difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Unit 604, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(iii) The access aisle and associated accessible parking space nearest unit 604 has vertical rises and broken surfaces exceeding ¼ inch in height in violation of section 502.4 of the 2010 ADAAG Standards.

(iv) The walking surfaces of the accessible route in front of Starbucks have excessive cross slope exceeding 1:48 in violation of Section 403.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v) Accessible parking spaces near Unit 600 has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi) The access aisle adjacent to the accessible parking spaces near Unit 600 has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and are not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii) The accessible parking space near Unit 600 is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(viii) The access aisle to the accessible parking space on the far eastern section of the Property is not level due to the presence of a ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix) The accessible parking space and access aisle located on the far eastern section of the Property has vertical rises in excess of ¼ inch, broken and unstable surfaces in violation of section

(x) The Property has a ramp leading from the accessible parking space near Unit 600 to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xi) There is an excessive vertical rise along the accessible route or path leading from the accessible parking spaces nearest Unit 600 towards Starbucks in violation of Section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xii) The interior of Unit 607 has sales and services counters lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the sales and service counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at Unit 607.

(xiii) The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xiv) The landing at the top of the accessible ramp near Unit 705 does not have a level landing at the top of the accessible ramp in violation of section 405.7 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xv) One of the accessible parking spaces near Unit 705 has excessive vertical rises, is not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xvi) The walking surfaces of the accessible ramp near Unit 705 have turning space with excessive changes in level in violation of section 304.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xvii) The accessible parking space near Unit 705 is missing a proper identification sign in violation of section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**SUBWAY RESTROOM**

(xix) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

30. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

31. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

32. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

33. All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

34. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature

and cost of the modifications are relatively low.

35. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, HV DEVELOPMENT PARTNERS LP, has the financial resources to make the necessary modifications.

36. Upon information and good faith belief, the Property has been altered since 2010.

37. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

38. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, HV DEVELOPMENT PARTNERS LP, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

39. Plaintiff's requested relief serves the public interest.

40. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

41. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, HV DEVELOPMENT PARTNERS LP, pursuant to 42 U.S.C. §§ 12188 and 12205.

42. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant

injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, HV DEVELOPMENT PARTNERS LP, to modify the Property to the extent required by the ADA.

    WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, HV DEVELOPMENT PARTNERS LP, in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, HV DEVELOPMENT PARTNERS LP, from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, HV DEVELOPMENT PARTNERS LP, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

    Dated: February 6, 2019.

    Respectfully submitted,

    Law Offices of
    THE SCHAPIRO LAW GROUP, P.L.

    /s/  Douglas S. Schapiro
    Douglas S. Schapiro, Esq.

Northern District of Texas ID No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


Law Offices of
LIPPE & ASSOCIATES

/s/  Emil Lippe, Jr.
Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com


ATTORNEYS FOR PLAINTIFF
KIM TURNER